UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ADAM DALE LOW,

        Plaintiff,

v.                                          3:12-cv-122

RICK McNAIR,

        Defendant.

## MEMORANDUM AND ORDER

        The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. §

1983 and an application to proceed *in forma pauperis*.  It appears from the application that

the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee.  Accordingly,

pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the

prepayment of costs or fees or security therefor as of the date the complaint was received.

However, for the reasons stated below, process shall not issue and this action is

**DISMISSED**.

        Plaintiff is an inmate in the Blount County Detention Center.  The defendant is a

courtroom bailiff at the Blount County Justice Center.  Plaintiff alleges that on March 9,

2012, while he was in circuit court waiting to sign his plea agreement, he and the defendant

had a verbal exchange.  The defendant then took plaintiff to an inmate holding room behind

the courtroom and began calling the plaintiff names and threatening to whip him. When plaintiff pushed the intercom button for assistance, the defendant "forcefully smack[ed] my arm down!" [Doc. 1, Complaint, p. 6]. According to plaintiff, he subsequently spoke with the defendant's supervisor who watched the videotape of the incident and suspended the defendant for three days. Plaintiff does not allege that he was physically injured; he seeks money damages for "emotional and mental distress." [*Id.* at 8].

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prisoner Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular,
> frivolous prisoner suits, Congress directed the federal courts to review or
> "screen" certain complaints sua sponte and to dismiss those that failed to state
> a claim upon which relief could be granted, that sought monetary relief from
> a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

With respect to plaintiff's claim that the defendant called him names and threatened him, allegations of verbal abuse, threats or defamation by a guard to a prisoner are not cognizable under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). In order to state a claim for relief under §1983, there must be an actual infringement of a constitutional right, not merely a threat to do so. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985). "[H]arassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

As for plaintiff's claim that the defendant struck his arm, pursuant to the PLRA an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As noted, plaintiff does not allege that he suffered a physical injury and only seeks damages for emotional and mental distress.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an

3

arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court hereby **DENIES** the plaintiff leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until

4

the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

      **ENTER:**

_____s/ Leon Jordan_____
United States District Judge
